UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEMAR GAYLE,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
GIUSEPPE GIUCA, POLICE OFFICERS JOHN DOES 1
& 2,

                                        Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

07 CV 10715 (GEL)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging

misconduct by the City of New York and three of its police officers.  Plaintiff alleges that, on

April 11, 2007, three police officers subjected him to false arrest, false imprisonment, excessive

force, assault, battery, an illegal strip search, and fabrication of evidence in violation of the

Fourth, Sixth and Fourteenth Amendments to the Constitution and New York common law.

Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his state law claims of false arrest, false imprisonment, assault,

battery, an illegal strip search, and negligent hiring, training, supervision, and retention.  With

respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in Manhattan at police headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.      Plaintiff is a resident of the State of New York.

6.      The City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Police Officer Giuseppe Giuca is a member of the New York City Police Department ("NYPD") who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest on or about April 11, 2007.  Giuca is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.

8.      Police Officers John Does 1 and 2 are members of the NYPD who were involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest on or about April 11, 2007.  These officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers.

2

## STATEMENT OF FACTS

9.      On April 11, 2007, at approximately 10:50 p.m., plaintiff exited 501 East 21st Street, Brooklyn, New York, in order to purchase a drink at a store located on Dorchester Road near Flatbush Avenue.  Plaintiff was in 501 East 21st Street visiting a friend, Quashley Philizaire, who lives in apartment 1D.

10.      Upon exiting 501 East 21st Street, Police Officer Giuseppe Giuca and two other police officers, identified herein as John Does 1 and 2, stopped and searched plaintiff without legal justification.

11.      After completing their search of plaintiff, and finding no illegal contraband, the three police officers released plaintiff from their custody.

12.      At approximately 11:00 p.m., plaintiff, after purchasing a drink at the local store, re-entered the lobby of 501 East 21st Street in order to continue his visit with Quashley Philizaire.

13.      Upon entering the lobby of 501 East 21st Street, Officer Giuca and one of the John Does illegally seized and searched plaintiff.

14.      During the aforesaid illegal seizure and search of plaintiff, the other John Doe watched his fellow officers violate plaintiff's rights and did nothing to stop the violation.

15.      After searching plaintiff, one of the John Does intentionally handcuffed plaintiff excessively tight causing marks to plaintiff's wrists and interfering with plaintiff's circulation.

16.      One of the John Does informed plaintiff that he would let plaintiff go if he provided the officers with a gun.

3

17.    Plaintiff, having no knowledge of a gun, could not fulfill the officer's request.

18.    Thereafter, the officers took plaintiff to the 70th Precinct for arrest processing.

19.    Approximately 30 minutes after arriving at the precinct, Officer Giuca illegally strip searched plaintiff in a precinct bathroom and ordered the nude plaintiff to squat and cough.

20.    No illegal contraband was found on plaintiff.

21.    Plaintiff was eventually taken to Brooklyn Central Booking to await arraignment.

22.    While plaintiff was confined in Central Booking, Officer Guica and John Does 1 and 2 conveyed false information to prosecutors in order to have plaintiff prosecuted.

23.    On April 13, 2007, at approximately 11:30 a.m., plaintiff was arraigned in Brooklyn Criminal Court on a charge of possession of marijuana..

24.    Plaintiff received an adjournment in contemplation of dismissal.

25.    As a result of the foregoing, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, loss of liberty, a loss of $628, damage to his reputation, and pain and injuries to his wrists.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST OFFICER GIUSEPPE GIUCA AND JOHN DOES 1 AND 2

26.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

4

27.     The conduct of Officer Guica and John Does 1 and 2, as described herein, amounted to false arrest, false imprisonment, excessive force, an illegal strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

28.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29.     The City of New York directly caused the constitutional violations suffered by plaintiff.

30.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

31.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW LAIMS AGAINST OFFICER GIUSEPPE GIUCA AND JOHN DOES 1 AND 2**

32.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33.     The conduct of Officer Guica and John Does 1 and 2, as described herein, amounted to false arrest, false imprisonment, assault, battery, and an illegal strip search in violation of New York state law.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

34.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35.     Because the police officers involved in the present case were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for the false arrest, false imprisonment, assault, battery, and illegal strip search of plaintiff.

36.     Further, the City of New York is liable under state law because, as explained in ¶ 30, it negligently hired, trained, supervised, and retained Officer Guica and John Does 1 and 2.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:          November 30, 2007
                Brooklyn, New York

                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391


                              By:


                              *Richard J. Cardinale*
                              _____
                              RICHARD J. CARDINALE (RC-8507)