UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEMAR GAYLE,

                                                Plaintiffs,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
GIUSEPPE GIUCA, POLICE OFFICERS JOHN DOES 1
& 2,

                                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07-cv-10715 (GEL)(RLE)

JURY TRIAL DEMANDED

        Defendants City of New York and Giuseppe Giuca, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke supplemental jurisdiction of the Court and base venue as stated therein and admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about April 20, 2007 and the claim has not been adjusted or paid.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Admit the allegations in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Giuseppe Giuca is employed by the City of New York as a police officer and that plaintiff purports to sue him in his individual capacity as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint

10. Deny the allegations set forth in paragraph "10" of the complaint

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that on April 11, 2007, plaintiff was taken to the 70th Precinct.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Admit the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "33" of this answer as if fully set forth herein.

35. Paragraph "35" of the complaint calls for a legal conclusion. Accordingly, no response is required.

36. Deny the allegations set forth in paragraph "36" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

37. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

38. Defendants City of New York and Giuca have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

39. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

40. Defendant Giuca has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

41. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

42. Plaintiff may have failed to comply with New York General Municipal Law §50-e.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

43. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

44. There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

45. At all times relevant to the incident, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

46. Plaintiff provoked any incident.

- 6 -

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           February 14, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendants
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 676-1347

                                  By:          /s/
                                        Brooke Birnbaum (BB 8338)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:     Mr. Richard Cardinale, Esq.  (via ECF)

Index No. 07-cv-10715 (GEL)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| KEMAR GAYLE,<br><br>                                                                            Plaintiffs,<br><br>                              -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER GIUSEPPE GIUCA, POLICE OFFICERS JOHN DOES 1 & 2,<br><br>                                                                           Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>      *Attorney for Defendants*<br>      *100 Church Street*<br>      *New York, New York  10007*<br><br>      *Of Counsel:  Brooke Birnbaum*<br>      *Tel:  (212) 676-1347*<br>      *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................................. , 200..*<br><br>*....................................................................................... Esq.*<br><br>*Attorney for ................................................................................* |